UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN S., <br><br> Petitioner, <br><br> v. <br><br> SERGIO ALBARRAN, Acting Field Office Director of the San Francisco Immigration and Customs Enforcement Office; KRISTI NOEM, Secretary of the United States Department of Homeland Security; TODD M. LYONS, Acting Director of United States Immigration and Customs Enforcement; PAMELA BONDI, Attorney General of the United States; CHRISTOPHER CHESTNUT, Warden of California City Detention Center, <br><br> Respondents. | No. 1:26-cv-00249-KES-HBK (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS <br><br> Doc. 1 |

Petitioner Robin S. is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.[1]  Docs. 1, 3.  The Court has addressed the legal issues raised by count two of the petition on previous occasions.  *See, e.g.*, *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025).

---

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits petitioner's full name, using only his first name and last initial, to protect sensitive personal information.  *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1    The Court informed the parties that it intended to rule directly on the petition and ordered
2  respondents to show cause as to whether there are any factual or legal issues in this case that
3  render it distinguishable from the Court's prior orders in *Clene C.D. v. Robbins*, *Bilal A. v.*
4  *Wofford*, and *W.V.S.M. v. Wofford*, and that would justify denying the petition. Doc. 8.²
5  Respondents do not identify any factual or legal distinction between this case and those cited
6  above, *see* Doc. 11, and the Court has previously addressed their arguments.
7    As respondents have not identified any factual or legal issues in this case that render it
8  distinguishable from the Court's prior decisions in *Clene C.D. v. Robbins*, No. 1:25-CV-01463-
9  KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-
10 01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), and *W.V.S.M. v. Wofford*,
11 No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and for the
12 reasons stated in those prior orders, the petition for writ of habeas corpus is GRANTED as to
13 count two.³
14   Respondents are ORDERED to release petitioner immediately. Respondents are
15 ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear
16 and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that
17 petitioner is a flight risk or danger to the community such that his physical custody is legally
18 justified.
19   The Clerk of Court is directed to close this case and enter judgment for petitioner.

21 IT IS SO ORDERED.

22   Dated:   January 16, 2026
                                            _____
                                            UNITED STATES DISTRICT JUDGE

---

² Although respondents captioned their response as "Motion to Dismiss Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and Rule 4; Response to Petition for Writ of Habeas Corpus; Opposition to Preliminary Injunction; Opposition to Temporary Restraining Order; and Response to Rule to Show Cause," in the body of the response respondents do not move to dismiss the petition. *See* Doc. 11.

³ The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the ruling on count two.

2